John Paul KING, Appellant,

v.

The STATE of Texas, Appellee.

No. 03–97–00169–CR.

Court of Appeals of Texas,
Austin.

Jan. 23, 1998.

Linda Icenhauer–Ramirez, Icenhauer–Ramirez & Hubner, P.C., Austin, for Appellant.

Ronald Earle, Dist. Atty., Lisa Dotin Stewart, Asst. Dist. Atty., Austin, for State.

Before CARROLL, C.J., and JONES and KIDD, JJ.

CARROLL, Chief Justice.

A jury found appellant John Paul King guilty of attempted sexual assault and aggravated kidnapping. *See* Tex. Penal Code Ann. §§ 20.04(a)(4), 22.01 (West 1994 & Supp. 1998).[1] The jury assessed punishment at (1) five years of imprisonment and a $1,500 fine for the offense of aggravated kidnapping and (2) ten years of imprisonment, probated, for the offense of attempted sexual assault. The court rendered judgments of conviction in accordance with the verdict except the court failed to assess the $1,500 fine in the judgment.[2] King appeals in three points of error. We will affirm the judgments of conviction.

## BACKGROUND

On October 31, 1995, the victim, a woman named Tammy, was celebrating Halloween with friends on Sixth Street in Austin. She became extremely intoxicated, and an employee of the bar she was in asked her to leave. She was unable to walk well so her friend, Vince, picked her up and carried her outside. He left her sitting by a doorway in a semi-conscious state while he went to get his car.

While Vince was gone and while Tammy was slumped in the doorway, King approached her. He picked her up and put her over his shoulder. Tammy thought King was Vince. King carried Tammy down a side street to an alley. He put Tammy down on her back on a loading dock that was partially covered by an awning. Unbeknownst to Tammy or King, several Austin police officers saw King carrying Tammy down the street and entering the alley. The officers, including Officers Ford and Martinez, drove around the corner and entered the alley from the opposite direction. They watched King as he knelt beside Tammy. According to Officer Ford, King touched Tammy's thigh and attempted to kiss her. When she sat up, King put his hand on her shoulder and pushed her back down. Tammy then yelled "who are you" and told King to get away

from her. At that point, Ford became suspicious.

Ford called King over to ascertain the relationship between King and Tammy. While Ford was conversing with King, King had a bulge in his pants, which Ford assumed was an erection. King claimed to know Tammy, but was unable to tell Ford her name. King indicated he was trying to get her home. He also said "Vince" was supposed to pick them up. He did not, however, respond when Officer Martinez asked him Vince's last name.

While Martinez talked to King, Ford asked Tammy what had happened. Tammy, who was crying, told Ford she did not know King and that she "just woke up and he was touching her." Ford noticed the crotch on Tammy's Halloween costume was ripped. He then decided to arrest King and handcuffed him.

King was charged with, tried for, and convicted of attempted sexual assault and aggravated kidnapping. He appeals in three points of error, alleging: (1) the trial court erred in admitting the statements he made in the alley because they were obtained in violation of article 38.22 of the Texas Code of Criminal Procedure; (2) the evidence is insufficient to prove the abduction element of aggravated kidnapping; and (3) the prosecutor misstated the law pertaining to that element during closing argument.

## DISCUSSION

In point of error one, King asserts the statements he made in the alley were inadmissible because they were obtained in violation of Texas Code of Criminal Procedure article 38.22. *See* Tex.Code Crim. Proc. Ann. art. 38.22, § 3 (West Supp.1998). Section 3 of article 38.22 prohibits admission of oral statements made by a defendant as a result of custodial interrogation unless certain conditions are met. *Id.* Those conditions were

---

1. The law applicable to this case is that in effect at the time the offense occurred. Subsequent amendments to these statutes are not relevant to the issues in this case. We cite to the current code for convenience.

2. The State does not complain that the court failed to assess the fine. Because the State waived any error with regard to this issue, we will not modify the judgment to conform to the jury's assessment of punishment.

not met in this case. We must decide whether the statements were made as a result of custodial interrogation.

Whether a defendant is in custody is a determination based entirely upon objective circumstances. *State v. Stevenson*, 958 S.W.2d 824, 828 (Tex.Crim.App.1997) (citing *Dowthitt v. State*, 931 S.W.2d 244 (Tex.Crim. App.1996)). The court of criminal appeals has set forth four factors that are generally useful in making the determination. They are: (1) whether probable cause to arrest existed; (2) whether the defendant is the focus of the investigation; (3) the subjective intent of the police insofar as it is communicated to the defendant; and (4) the subjective belief of the defendant insofar as it is communicated to the police. *Id.*

We conclude the trial court could reasonably have concluded King was not in custody when he made the statements he claims are inadmissible. First, Officer Ford testified he initially did not know whether King was doing anything criminal because he did not know the relationship between King and Tammy. For that reason, Ford wanted to question both Tammy and King. Although the events Ford witnessed before the questioning were suspicious, they alone did not give Ford probable cause to arrest King. Second, although King was a focus of the investigation, he was not the only focus. Officer Ford questioned Tammy as well, in order to determine whether any criminal activity had been afoot. Third, Officer Ford testified that King was not free to leave during the questioning, but he also testified that King was not required to answer his questions. Nothing in the record suggests Ford intended to arrest King when he was questioning King, or that such an intent was communicated to King. Finally, nothing suggests King thought he was in custody when he was answering Ford's questions or that King communicated such a belief to Ford. We, therefore, hold the statements were not obtained in violation of article 38.22, and we overrule point of error one.

In his second point of error, King argues the evidence is insufficient to establish the "abduction" element of aggravated kidnapping. *See* Tex. Penal Code Ann. §§ 20.01(2), 20.04(a)(4) (West 1994 & Supp. 1998). King does not clarify whether he challenges the legal or factual sufficiency of the evidence supporting this element of the crime. In the interest of justice, we will evaluate the evidence under both standards. When reviewing the legal sufficiency of the evidence, we view it in the light most favorable to the verdict and determine whether any rational trier of fact could have found the element beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Griffin v. State*, 614 S.W.2d 155, 159 (Tex.Crim.App.1981). When reviewing the factual sufficiency of the evidence, we view all the evidence without that prism and set aside the verdict only if it is so against the weight of the evidence as to be clearly unjust. *Cain v. State*, 958 S.W.2d 404, 406–408 (Tex.Crim.App. 1997) (citing *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim.App.1996)).

To abduct is to restrain a person with intent to prevent their liberation by either secreting or holding the person in a place they are not likely to be found or by using or threatening to use deadly force. Tex. Penal Code Ann. § 20.01(2) (West 1994). The parties disagree over whether hiding a person where they are unlikely to be found is an element of the required culpable mental state or the required criminal act. The State argues the former and King argues the latter.

The most recent court of criminal appeals cases on this subject lead us to agree with the State. In *Brimage*, the seminal case on this issue, Judge Clinton and two other judges opined that the State must prove the following to establish a kidnapping:

(1) a restraint made (2) with a specific intent to prevent liberation by either of two particular means. Thus, secretion and the use or threatened use of deadly force are merely two alternative components of the specific intent element. It is therefore not necessary, as appellant argues, that the State prove a restraint accomplished by either secretion or deadly force. Instead, the State must prove that a restraint was completed and that the actor

evidenced a specific intent to prevent liberation by either secretion or deadly force. *Brimage v. State*, 918 S.W.2d 466 (Tex.Crim. App.1996) (opinion on original submission issued Sept. 21, 1994) (lead opinion by Clinton, J.). Judge Miller and two others disagreed on this issue. *Id.* at 484–492 (Miller, J., concurring and dissenting). The four remaining judges agreed with Judge Clinton's resolution of the point of error concerning the abduction element of kidnapping, *id.* at 494 (Baird, J., dissenting), but disagreed with his opinion on another issue not relevant here. Although the four-judge dissent does not expressly agree with Judge Clinton's reasoning on the kidnapping issue, it does not disagree with it either. Furthermore, one of the four dissenting judges was Presiding Judge McCormick, who later authored the majority opinion in *Mason v. State*. *See* 905 S.W.2d 570, 575 (Tex.Crim.App.1995) (citing *Brimage v. State*, 918 S.W.2d 466 (Tex.Crim. App.1996) (opinion on original submission issued Sept. 21, 1994)). *Mason* cites Judge Clinton's discussion in *Brimage* of the abduction element of kidnapping and confirms that Judge Clinton's interpretation of the abduction requirement is controlling law. *See Mason*, 905 S.W.2d at 575.[3] Thus, we conclude the secretion requirement of abduction is part of the mens rea of kidnapping, not the actus reus. *Id.*

King argues another recent court of criminal appeals opinion suggests the court has abandoned its prior interpretation of the abduction element of kidnapping. *See Schweinle v. State*, 915 S.W.2d 17 (Tex.Crim. App.1996). In *Schweinle*, the court's discussion appears to focus on the defendant's act, rather than his intent. The issue in *Schweinle*, however, was whether the evidence entitled the defendant to an instruction on the lesser included offense of false imprisonment. The issue of whether "secretion" is an element of intent or a required act was not squarely before the court. Until the court of criminal appeals expressly disavows its prior interpretation of the abduction element of kidnapping in *Mason* and *Brimage*, we are bound to apply it.

■ Based on that interpretation of the law, we must determine whether the evidence is factually and legally sufficient to prove that King *intended* to take Tammy to a place she was unlikely to be found, not that he actually accomplished his purpose. The evidence does support that conclusion. King, a total stranger to Tammy, physically picked her up and took her from a highly visible area to a less conspicuous alley. The alley was not well lit. King did this around 2:00 or 3:00 o'clock in the morning, a time when the alley was not well-traveled. Furthermore, he did this on Halloween, a night on which people were not as apt to question his unusual behavior. From this the jury could infer his intent to hide Tammy in a place she was unlikely to be found. We hold that the evidence is both legally and factually sufficient to satisfy the abduction element of aggravated kidnapping. Accordingly, we overrule point of error two.

In his last point of error, King argues the trial court erred in overruling his objection to the prosecutor's allegedly improper statement of the law. During closing argument, the prosecutor discussed the "abduction" element of aggravated kidnapping. The prosecutor explained that the law required the State to prove only that King intended to take Tammy to a place she was not likely to be found, and that the law did not require the State to prove he actually took her to such a place. Based on our discussion concerning point of error two, we conclude the prosecutor's characterization of the law was proper. We overrule point of error three.

## CONCLUSION

We have overruled King's three points of error. Accordingly, we affirm the judgments

---

3. Ironically, Judge Clinton dissented in *Mason*. *See Mason*, 905 S.W.2d at 578–81. He did not disagree with the majority's formulation of the abduction element of kidnapping; he disagreed with their analysis of the evidence. *See id.* at 579. He also noted that *Brimage* was pending on rehearing at that time. *See id.* at 578. The court eventually issued additional opinions on rehearing in *Brimage*, but did not disturb the original discussion of the abduction element of kidnapping.

of conviction for aggravated kidnapping and attempted sexual assault.