# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00581-CR

Hector Luis Martinez, Jr., Appellant

v.

The State of Texas, Appellee

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 49,977, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

A jury found appellant Hector Luis Martinez, Jr., guilty of capital murder. *See* Tex. Penal Code Ann. § 19.03(a)(2) (West 1994). Because the State did not seek the death penalty, the trial court assessed punishment at imprisonment for life. *See id.* § 12.31(a) (West 1994); Tex. Code Crim. Proc. Ann. art. 37.071, § 1 (West Supp. 2001). In three issues, Martinez argues that the evidence is legally and factually insufficient to support the verdict and challenges the admission of his written confessions. We will affirm the conviction.

## BACKGROUND

Appellant fathered a child with the victim, Jessica Vasquez. Appellant's aunt, Sarita Blain, had legal custody of the child. In March of 1999, according to appellant, Vasquez and her fiancé were planning to move with the child to Oklahoma. Appellant confessed that in order to prevent her from moving out of state with the child, he and Blain decided to murder Vasquez. On the evening of March 3, 1999, appellant and Blain lured Vasquez into their car by asking her to

accompany them to pick up a friend's car, and she agreed. Vasquez sat in the front passenger seat while Blain drove the car. Appellant sat in the back seat with a grocery bag containing a knife and rubber gloves. Blain drove to a wooded, undeveloped area in Harker Heights, Texas. At some point during the ride, appellant attacked Vasquez with a knife. The State's forensic pathologist testified that based on numerous defensive wounds on Vasquez's hands and arms, she had likely resisted appellant's attack. The record reflects that the attack continued outside the car after Blain stopped on the roadside. Appellant then left Vasquez's body in a ditch. Blain and appellant abandoned the car, and appellant returned to his apartment in Killeen.

On March 4, 1999, area police discovered the abandoned car and traced it to appellant. Appellant consented to a search of his residence; he was arrested after police discovered incriminating items in the apartment. Appellant was then taken to the Harker Heights police station and questioned. He gave the interrogating officers a written statement admitting the crime. When questioned again on March 9, 1999, in the Bell County jail, appellant gave a second written statement admitting his guilt.

Appellant was indicted for committing murder in the course of kidnapping the victim and was tried before a jury. The State introduced both written confessions during the guilt or innocence phase of the trial. The jury found appellant guilty of capital murder, and he now appeals his conviction.

**DISCUSSION**

*Sufficiency of the Evidence*

By his first and second issues, appellant argues that the evidence is legally and factually insufficient to support his conviction. In determining the legal sufficiency of the evidence to support a criminal conviction, we view all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Staley v. State*, 887 S.W.2d 885, 888 (Tex. Crim. App. 1994). Any inconsistencies in the evidence should be resolved in favor of the verdict. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988).

When conducting a factual sufficiency review, we do not view the evidence in the light most favorable to the verdict. *Johnson v. State*, 23 S.W.3d 1, 6-7 (Tex. Crim. App. 2000). Instead, we consider all evidence in a neutral light. *Id.* But we do not substitute our judgment for that of the jury and will set aside a verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).

Appellant concedes that he intended to kill Vasquez, but argues that he moved her to a wooded area only to facilitate concealing her body and thus neither committed nor attempted to commit a kidnapping. Appellant thus contends that the trial court erred in overruling his motion for an instructed verdict of not guilty on the charge of capital murder. We disagree.

3

A person commits the offense of capital murder if he intentionally or knowingly causes an individual's death in the course of committing or attempting to commit a kidnapping. Tex. Penal Code Ann. §§ 19.02(b)(1), 19.03(a)(2) (West 1994). Because appellant did not contest that he intentionally killed Vasquez, the State had the burden of proving that he caused her death during a completed or attempted kidnapping.

A person commits the offense of kidnapping when he knowingly or intentionally abducts another person. *Id*. § 20.03(a) (West 1994). To "abduct" means to restrain a person with intent to prevent her liberation by either: (1) secreting or holding her in a place where she is not likely to be found, or (2) using or threatening to use deadly force. *Id*. § 20.01(2) (West 1994). The statute contains two components: a required criminal act and a required culpable mental state or *mens rea*. *King v. State*, 961 S.W.2d 691, 694 (Tex. App.—Austin 1998, pet. ref'd). Texas courts have established that secretion and use or threat of deadly force are part of the *mens rea* of kidnapping, not the act itself. *Brimage v. State*, 918 S.W.2d 466, 475 (Tex. Crim. App. 1996); *King*, 961 S.W.2d at 694. In other words, a kidnapper must intend to prevent his victim's liberation by secretion or use or threat of deadly force. The sole "act" involved in a kidnapping is "restraint." *Mason v. State*, 905 S.W.2d 570, 575 (Tex. Crim. App. 1995).

The State need not prove that the accused completed a kidnapping. Tex. Penal Code Ann. § 19.03(a)(2). One can be guilty of capital murder if the State can show the murder occurred during an attempt to kidnap the victim. *Id*. Criminal attempt requires both the commission of an act that amounts to more than mere preparation and a specific intent to commit the offense. *Id*. § 15.01 (West 1994).

4

To establish that appellant kidnapped or attempted to kidnap Vasquez, therefore, the State had the burden of proving (1) that appellant restrained Vasquez or accomplished more than mere preparation for restraint, and (2) that he acted with the specific intent to prevent her liberation by either secretion or use or threat of deadly force.

Turning to the State's first burden, appellant argues that because Vasquez voluntarily accompanied him in the car, she was not restrained against her will. "Restraint" is defined as restricting a person's movement without consent, so as to interfere substantially with the person's liberty, by moving the person from one place to another or by confining the person. *Id*. § 20.01(1). Restraint is without consent if it is accomplished by force, intimidation, or *deception*. *Id*. § 20.01(1)(A). Evidence in the record reveals that on the evening of March 3, 1999, appellant and his aunt concocted a scheme to lure Vasquez into the car with them under false pretenses. They told her that they needed her help to pick up a friend's car. No such car existed. This deception was used specifically and successfully to get Vasquez into appellant's vehicle and to move her to an undeveloped, wooded area. This evidence is sufficient to allow a rational jury to determine that appellant either restrained or attempted to restrain Vasquez.

Turning to the State's second burden, appellant concedes that he intended to murder Vasquez and to hide her body in the woods. He argues, however, that he did not have the specific intent to prevent her liberation either by secreting her or by using or threatening to use deadly force against her.

Under Texas law, the requisite culpable intent must have been developed either before or concurrent with Vasquez's death. *Santellan v. State*, 939 S.W.2d 155, 162 (Tex. Crim.

App. 1997). In *Santellan*, the court found the accused had developed the requisite intent when, immediately after fatally shooting the victim but moments before her clinical death, he placed her into his car. *Id.* at 164.

Here, the record shows that appellant and his aunt lured Vasquez into their car and headed directly to an isolated area. During the drive, appellant attacked Vasquez with a deadly weapon. The attack took place over some period of time. Vasquez resisted the attack, sustaining numerous defensive injuries to her right and left hands and arms. The attack continued within the vehicle until it was stopped and then continued outside the vehicle. From these evidentiary facts, the jury could conclude that appellant formed the specific intent to prevent Vasquez's liberation by deadly force or secretion either at the time of her death or before that point.

Based on our review of the evidence, we hold that a rational jury could have found the essential elements of the offense beyond a reasonable doubt and that the verdict is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. We overrule appellant's first and second issues.

### Admission of Confession

By his third issue, appellant argues that the trial court erred in denying his motion to suppress his two written confessions because of comments made by the interrogating officer while giving appellant the article 38.22 warnings.[1]

---

[1] The article 38.22 warnings state that the accused (1) has the right to remain silent and not make any statement at all and that any statement he makes may be used against him at his trial; (2) any statement he makes may be used as evidence against him in court; (3) he has the right to have a lawyer present to advise him prior to and during questioning; (4) if he is unable to employ a lawyer,

In reviewing a trial court's ruling on a motion to suppress, we give great deference to the trial court's determination of historical facts supported by the record. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We show the same deference to mixed questions of law and fact if the resolution turns on the credibility and demeanor of witnesses. *Id.* at 89. On the other hand, we review the trial court's application of the law *de novo*, without deference to the trial court's ruling. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).

Appellant was given his *Miranda* warnings during his first encounter with law enforcement officials on March 4, when they came to his residence, informed him he was a suspect, and asked for consent to search his apartment.[2] During his initial questioning at the Harker Heights Police Department that same day, he was given explicit warnings set out in article 38.22. Before making his first confession, appellant was again warned in accordance with article 38.22 and initialed each of the five warnings printed at the top of the statement form that each track the statutory language.[3] On March 9, appellant signed another written confession at the Bell County Jail. At this time, appellant was again warned under article 38.22 and again placed his initials beside each warning printed at the top of the statement form.

---

he has the right to have a lawyer appointed to advise him prior to and during any questioning; and (5) he has the right to terminate the interview at any time. Tex. Code Crim. Proc. Ann. art. 38.22, § 2 (West 1994).

[2]  *Miranda* warnings are substantially similar to article 38.22 warnings, but under the language of the decision itself do not explicitly include the right to terminate an interview at any time. *See Miranda v. Arizona*, 384 U.S. 436, 444-45 (1966).

[3]  The statement form simply changed the pronoun from "he" to "I."

7

In addition to the statutory warnings, the interrogating officer gave appellant additional instructions. The officer told appellant that during the interview appellant could answer only those questions he chose to answer and could move on to another question should he decide not to respond to a question. This option is not mandated by article 38.22, and appellant contends that somehow this tainted the written warning process. He argues that he was improperly advised he could refuse to answer question by question rather than being told he could terminate the interview completely.

When analyzing whether warnings were proper, the reviewing court must determine whether the warnings substantially complied with article 38.22. *Ex parte Gardner*, 959 S.W.2d 189, 192 (Tex. Crim. App. 1996) (Mansfield, J., concurring) (discussing *California v. Prysock*, 453 U.S. 355 (1981)). The record reflects that appellant twice received warnings fully compliant with the statute before making his first written statement offered into evidence by the State, and a third time before making the second statement offered. Appellant was repeatedly informed that he had a right to make no statement at all and a right to terminate the interview at any time.

In a similar case, an accused argued that although he received proper warnings, the officer's additional comments were confusing or misleading. *De La Rosa v. Texas*, 743 F.2d 299, 301-03 (5th Cir. 1984). The court observed, "We cannot accept the proposition that would have us ignore the repeated, full, and accurate warnings to focus only on the remark that appointing an attorney would take some time." *Id.* at 302. The court determined that the "cumulative effect of the repeated incantations of *Miranda*" fully informed the appellant of his constitutional rights. *Id.* We find the Fifth Circuit's reasoning apposite to the case at bar. Here, the repeated and

8

accurate warnings appellant received were not nullified by the additional comments of the interrogating officer.

Furthermore, during the suppression hearing, appellant adduced no evidence that he was confused or misled about the meaning of his rights under article 38.22. Nor does the record reflect that he attempted to exercise any of his rights during the interrogation itself.

Based on our review of the record we conclude that the warnings given to appellant were sufficient and complied with the law and that the trial court did not err in admitting his two written confessions. We overrule appellant's third issue.

## CONCLUSION

Having overruled all three issues presented, we affirm the judgment of conviction.

_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: March 8, 2001

Do Not Publish