# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00012-CR

**Josh Lee Mendoza, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF CALDWELL COUNTY, 274TH JUDICIAL DISTRICT
### NO. 2001-086, HONORABLE JACK ROBISON, JUDGE PRESIDING

A jury found appellant Josh Lee Mendoza guilty of the felony offenses of robbery, as a lesser included offense of aggravated robbery, and aggravated kidnapping. Tex. Pen. Code Ann. ' 20.04(a)(3),(5), (b) (West Supp 2003); ' 29.02(a)(2) (West 1994). Pursuant to the jury=s findings, the district court assessed punishment at fifteen years= confinement and a fine of $5000 for each count, to be served concurrently. Appellant challenges his conviction by two points of error. We will affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On April 8, 2001, appellant and Desiree Rodriguez entered a convenience store in Lockhart with a fully operational BB pistol. Appellant pointed the pistol at the cashier, San Juana Varillas, and said, AGive me the money. I don=t want to hurt you.@ While appellant pointed the pistol, Rodriguez tied Varillas=s hands with cable ties. Appellant and Rodriguez then took Varillas approximately twenty feet to the back of the store and shoved her into a walk-in cooler. The cooler was located in a secluded part of the store and served as a storage room for refrigerated merchandise. Its entrance was accessible by way of an interior office. The cooler also had exterior merchandise doors, accessible to patrons from inside the store, that could be opened from the cooler=s inside. The entrance door could also be opened from inside. Varillas testified that she remained in the cooler for approximately three to four minutes after appellant and Rodriguez completed their robbery and made their escape, then opened the cooler door, exited the cooler, and called the police.

## DISCUSSION

*Standard of Review*

By his first point of error, appellant contends that the evidence is legally insufficient to support his conviction for aggravated kidnapping in that no rational trier of fact could have found that he abducted the victim. The standard for reviewing the legal sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the jury=s verdict, any rational trier of fact could have found beyond a reasonable doubt the essential elements of the offense charged. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Wardrip v. State*, 56 S.W.3d 588, 590 (Tex. Crim. App. 2001); *Aiken v. State*, 36 S.W.3d 131, 132 (Tex. App.CAustin 2000, no pet.). In our review of the legal sufficiency of the evidence, we must consider all the evidence that the jury was permitted, properly or improperly, to consider. *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). Whether the evidence meets the standard set out in *Jackson* is a question of law. *Clewis v. State*, 922 S.W.2d 126, 132 (Tex. Crim. App. 1996). The reviewing court is not to position itself as a thirteenth juror in assessing the evidence. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). Rather, it should act as a final due-process safeguard ensuring only the rationality of the fact finder. *Id*.

By his second point of error, appellant contends that the jury=s failure to find that he did not complete an aggravated kidnapping was against the great weight and preponderance of the evidence. A review of the *factual* sufficiency begins with the presumption that the evidence supporting the conviction was *legally* sufficient. *Clewis*, 922 S.W.2d at 134. When conducting a factual sufficiency review, we do not view the evidence in the light most favorable to the verdict. *Johnson v. State*, 23 S.W.3d 1, 6-7 (Tex. Crim. App. 2000). Instead, we consider all the evidence in a neutral light. *Id.* However, we do not substitute our judgment for that of the jury and will set aside a verdict only if it is so contrary to the

**3**

overwhelming weight of the evidence as to be clearly wrong and unjust. *Id*. at 7; *Clewis*, 922 S.W.2d at 129; *Shelton v. State*, 41 S.W.3d 208, 211 (Tex. App.CAustin 2001, pet. ref=d). A court of appeals should reverse on factual-insufficiency grounds only when the verdict is manifestly unjust, shocks the conscience, or clearly demonstrates bias. *Clewis*, 922 S.W.2d at 135. A verdict is not manifestly unjust merely because the jury resolved conflicting evidence in favor of the State. *Roberson v. State*, 16 S.W.3d 156, 171 (Tex. App.CAustin 2000, pet. ref=d) (citing *Cain v. State*, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997)).

### *Kidnapping*

A person commits the offense of aggravated kidnapping when the actor knowingly or intentionally abducts another person and uses or exhibits a deadly weapon during the commission of the offense. Tex. Pen. Code Ann. ' 20.04(b). To Aabduct@ means to restrain a person with intent to prevent liberation by either: (1) secreting or holding her in a place where she is not likely to be found, or (2) using or threatening to use deadly force. *Id*. ' 20.01(2) (West Supp. 2003). ARestrain@ means to restrict a person=s movements without consent, so as to interfere substantially with her liberty, by moving her from one place to another or by confining her. *Id*. ' 20.01(1). Restraint is Awithout consent@ if it is accomplished by force, intimidation, or deception. *Id*. ' 20.01(1)(A).

The statute contains two components: a criminal act and a culpable mental state. *King v. State*, 961 S.W.2d 691, 693-94 (Tex. App.CAustin 1998, pet. ref=d). The sole act involved in a kidnapping is restraint. *Mason v. State*, 905 S.W.2d 570, 575 (Tex. Crim. App. 1995). In Texas

**4**

secreting and using or threatening to use deadly force serve to establish a part of the *culpable mental state* that must be shown to prove kidnapping. *Brimage v. State*, 918 S.W.2d 466, 475 (Tex. Crim. App. 1994); *King*, 961 S.W.2d at 693-94. In other words, a kidnapper must intend to prevent his victim=s liberation by one of such acts. The State is not required to prove that the accused moved the victim a certain distance or held the victim a specific length of time in order to establish the issue of restraint. *Hines v. State*, 75 S.W.3d 444, 474-78 (Tex. Crim. App. 2002).

To establish that appellant kidnapped Varillas, the State had the burden of proving that: (1) appellant restrained Varillas or accomplished more than mere preparation for restraint, (2) the restraint was without Varillas=s consent, and (3) appellant acted with the specific intent to prevent Varillas=s liberation by either secreting her or using or threatening to use deadly force to restrain her. *Saldana v. State*, 59 S.W.3d 703, 708 (Tex. App.CAustin 2001, pet. ref=d)

Viewed in the light most favorable to the verdict, the evidence shows that appellant and Rodriguez entered the convenience store intending to rob it. Appellant pointed the BB pistol at Varillas and said, AGive me the money. I don=t want to hurt you.@ Rodriguez then bound Varillas=s hands, while appellant=s finger was on the pistol=s trigger. Appellant and Rodriguez then led Varillas through an interior office and into the cooler, where she was confined in the back of the store. It was not until appellant and Rodriguez had completed the robbery and fled the store that Varillas escaped.

The offense of kidnapping is complete when a restraint of the victim is established and there is evidence of intent by the accused to prevent liberation by either secretion or the use or threatened use of deadly force. *Mason*, 905 S.W.2d at 575. The fact that a BB pistol was used or displayed is not

**5**

controlling on the issue of deadly force. A threat of deadly force may be established solely through the statements and conduct of the accused, coupled with the circumstances of the offense. *Ramirez v. State*, 692 S.W.2d 729, 732 (Tex. App.CWaco 1985, no pet.). The evidence is similar to that recently held legally sufficient in *Hines v. State,* except that here a BB pistol, rather than a shotgun, was used. 75 S.W.3d at 445-48. Appellant argues that this case is distinguishable from *Hines* because appellant was armed only with what he claims was an unloaded BB pistol. However, the evidence that appellant displayed the BB pistol to Varillas and that the pistol was capable of causing serious bodily injury if pointed and fired at someone is sufficient to support the jury=s deadly weapon finding. *Adame v. State*, 69 S.W.3d 581, 582 (Tex. Crim. App. 2002). Whether the BB pistol was loaded or unloaded is not significant in this analysis. *Id*. The jury could infer from the evidence that the pistol was loaded. *Delgado v. State*, 986 S.W.2d 306, 308 (Tex. App.CAustin 1999, no pet.). Appellant brandished the pistol, pointed it at Varillas, and threatened to harm her if she did not comply. The jury, as a trier of fact, was entitled to take appellant at his word. *Id*. The jury could infer that appellant was capable of carrying out his threats; that is, that the pistol was loaded, and therefore constituted a deadly weapon during the robbery. *Id*. Looking at all of the evidence, we find that a rational juror could have found beyond a reasonable doubt that appellant abducted Varillas with the threat of deadly force. We overrule appellant=s first point of error.

By his second point of error, appellant contends that the evidence is factually insufficient to support his conviction for aggravated kidnapping in that the evidence does not support the jury=s finding that he abducted Varillas so as to substantially interfere with her liberty. Specifically, appellant argues that: (1) Varillas was only briefly confined to the cooler; (2) her hands were not bound so tight as to prevent her

from being able to open the cooler door once appellant left the premises; (3) the cooler could have been opened from the inside; and (4) the cooler was in a public area where Varillas was likely to be found. Appellant=s argument does not preclude a finding of an abduction. The record shows that, through use of force by appellant and Rodriguez, the victim had her hands bound at gunpoint; was threatened with bodily harm if she did not cooperate; was physically moved from the cash register through an interior office to the inside of the cooler; and was confined for several minutes while appellant and Rodriguez completed the robbery and made their escape. We hold that, viewing all the evidence in a neutral light, the verdict is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Clewis*, 922 S.W.2d at 129.

## CONCLUSION

We overrule appellant=s points of error and affirm the district-court judgment.

Lee Yeakel, Justice

Before Justices Kidd, B. A. Smith and Yeakel.

Affirmed

Filed: December 5, 2002

Do Not Publish