[JH1] 

 

 

 

 

 

                                      COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-364-CR

 

 

TOMMY G. LASTER                                                             APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

In two points, appellant
Tommy G. Laster challenges the legal and factual sufficiency of his conviction
for attempted aggravated kidnapping.  We
affirm.

Background Facts








On January 30, 2005, Beatrice
T. and her brother Raymond M. were walking home from a gas station near their
home when they saw appellant walking towards them on the sidewalk.  He was carrying an umbrella.  Beatrice was eight years old at the time, and
Raymond was ten.  When appellant neared
the children, they leaned against a fence next to the sidewalk to let him
pass.  Instead of passing by the
children, however, appellant grabbed Beatrice by the arm and then put his arm
around her waist.  Raymond grabbed
Beatrice=s hand and tried to pull her away from appellant.  Appellant was pulling her at the same
time.  When a car drove by, appellant let
go of Beatrice.  The children ran home
and told their mother what had happened.

Beatrice=s mother called the police to report what had happened.  Later that day, she saw a man who looked like
the man Beatrice had described and called the police.  Beatrice=s mother and her brother, Beatrice=s uncle, followed the man. 
Before the police arrived, Beatrice=s uncle confronted the man.  The
police arrived shortly thereafter and arrested the man, who Beatrice and
Raymond identified as appellant.

Appellant gave the police a
statement in which he described grabbing Beatrice:








While [the children] were
coming toward me, the voices in my head started telling me that I would be
better off dead.  As I got closer to the
kids and I was watching them, the voices in my head told me to grab the little
girl.  The voices were telling me to AGet her, get her.@  I grabbed her using my right
arm around her waist.  I saw her long
hair and the side of her face.  I also
saw the little boy next to her.  That is
when I realized that I needed to let go of her because she was a little girl
and I knew how that would look to the cars going by.  I was thinking to myself, >Did I actually grab her in broad daylight with all of this
traffic[?]  I must be nuts.=  She looked at me.  She looked scared and wide eyed.  I let her go and hurried my pace to get to
the store . . . . 

Appellant was charged with
attempted aggravated kidnapping and injury to a child.  The jury convicted him on both counts and
assessed his punishment at forty years= confinement on the attempted aggravated kidnapping count and twenty
years= confinement on the injury to a child count.[1]

Standards of Review

In reviewing
the legal sufficiency of the evidence to support a conviction, we view all the
evidence in the light most favorable to the verdict to determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v.
State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).  The standard of review is the same for direct
and circumstantial evidence cases.  Burden
v. State, 55 S.W.3d 608, 613 (Tex. Crim. App. 2001); Kutzner v. State,
994 S.W.2d 180, 184 (Tex. Crim. App. 1999).








In a sufficiency review, the
jury=s inference of intent is afforded more deference than the evidence
supporting proof of conduct.  Margraves,
34 S.W.3d 912, 919 (Tex. Crim. App. 2000). 
Circumstantial evidence of a defendant=s guilty knowledge is not Arequired to meet the same rigorous criteria for sufficiency as
circumstantial proof of other offensive elements.@  Id. (quoting Brown
v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995)). In determining the
legal sufficiency of the evidence to show an appellant=s intent, and faced with a record that supports conflicting
inferences, we Amust presumeCeven if it does not affirmatively appear in the recordCthat the trier of fact resolved any such conflict in favor of the
prosecution, and must defer to that resolution.@  Matson v. State, 819
S.W.2d 839, 846 (Tex. Crim. App. 1991).








When reviewing the factual
sufficiency of the evidence to support a conviction, we view all the evidence
in a neutral light, favoring neither party. 
Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); Drichas
v. State, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting
the conviction, although legally sufficient, is nevertheless so weak that the
fact-finder=s determination
is clearly wrong and manifestly unjust or whether conflicting evidence so
greatly outweighs the evidence supporting the conviction that the fact-finder=s determination is manifestly unjust. 
Watson, 204 S.W.3d at 414-15, 417; Johnson v. State, 23
S.W.3d 1, 11 (Tex. Crim. App. 2000).  To
reverse under the second ground, we must determine, with some objective basis
in the record, that the great weight and preponderance of all the evidence,
though legally sufficient, contradicts the verdict.  Watson, 204 S.W.3d at 417.

In determining whether the
evidence is factually insufficient to support a conviction that is nevertheless
supported by legally sufficient evidence, it is not enough that this court Aharbor a subjective level of reasonable doubt to overturn [the]
conviction.@  Id. 
We cannot conclude that a conviction is clearly wrong or manifestly
unjust simply because we would have decided differently than the jury or
because we disagree with the jury=s resolution of a conflict in the evidence.  Id. 
We may not simply substitute our judgment for the fact-finder=s.  Johnson, 23 S.W.3d at
12; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a
different result is appropriate, we must defer to the jury=s determination of the weight to be given contradictory testimonial
evidence because resolution of the conflict Aoften turns on an evaluation of credibility and demeanor, and those
jurors were in attendance when the testimony was delivered.@ Johnson, 23 S.W.3d at 8. 
Thus, we must give due deference to the fact-finder=s determinations, Aparticularly those determinations concerning the weight and
credibility of the evidence.@  Id. at 9.








An opinion addressing factual
sufficiency must include a discussion of the most important and relevant
evidence that supports the appellant=s complaint on appeal.  Sims
v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

Applicable Law

A person
commits the offense of aggravated kidnapping if he intentionally or knowingly
abducts another person with the intent to inflict bodily injury on that person,
to violate or abuse that person sexually, or to terrorize that person or a
third person.[2]  Tex.
Pen. Code Ann. '
20.04(a)(4), (5) (Vernon 2003).  To Aabduct@ means to
restrain a person with the intent to prevent that person=s liberation by either (1) secreting or holding the person in a place
where he or she is not likely to be found, or (2) using or threatening to use
deadly force.[3]  Id. ' 20.01(2) (Vernon Supp. 2006).








The requirement of secreting
the victim where she will likely not be found is a part of the mens rea of the
offense, not the actus reus.  Brimage
v. State, 918 S.W.2d 466, 475 (Tex. Crim. App. 1994), cert. denied,
519 U.S. 838 (1996).  Thus, if the actor
intended at any time during the restraint to secrete or hold the victim in a
place where she would not likely be found, the offense is complete.  Santellan v. State, 939 S.W.2d 155,
162 (Tex. Crim. App. 1997); Price v. State, 35 S.W.3d 136, 140 (Tex.
App.CWaco 2000, pet. ref=d) (op. on reh=g); King
v. State, 961 S.W.2d 691, 694 (Tex. App.CAustin 1998, pet. ref=d).  Intent is a question of fact
to be determined from all of the circumstances. 
Smith v. State, 965 S.W.2d 509, 518 (Tex. Crim. App. 1998).  Intent may be inferred from the
circumstantial evidence surrounding an incident including the acts, words, and
conduct of the accused.  Smith,
965 S.W.2d at 518; Patrick v. State, 906 S.W.2d 481, 487 (Tex. Crim.
App. 1995), cert. denied, 517 U.S. 1106 (1996).

A person is guilty of an
attempted offense if Awith
specific intent to commit an offense, he
does an act amounting to more than mere preparation that tends but fails to
effect the commission of the offense intended.@  Tex. Pen. Code Ann. ' 15.01(a) (Vernon 2003) (emphasis added).

Analysis








Appellant claims that the
evidence is legally and factually insufficient to prove that he had the
specific intent to hold or secrete Beatrice in a place where she was not likely
to be found or that he used or threatened to use deadly force.

Here, there is no evidence
that appellant used or attempted to use deadly force.  Although he was carrying an umbrella in his
hand, it had been raining outside that day, and Beatrice and Raymond both
testified that appellant just held the umbrella in his hand and did not do
anything with it.  Additionally,
appellant did not say anything to either Beatrice or Raymond.  Because there is no evidence that appellant
used or threatened to use deadly force,[4]
we must determine whether there is any evidence that appellant intended
to secrete or hold Beatrice in a place where she was not likely to be found.

Appellant claims that the
circumstances of his impulsive decision to grab Beatrice show that he had no
such intent:  he was on foot, he had no
weapon, he never released his umbrella, he let go of Beatrice Awithin a matter of seconds@ and continued to walk toward the gas station rather than run away, he
made no statements or threats, and he was in the presence of an eyewitness,
ten-year-old Raymond.  Appellant also
points to the fact that he attempted to grab Beatrice in Abroad daylight@ on a busy
street next to a busy gas station and in front of a church at 10:00 a.m. on a
Sunday morning.








However, the fact that a
restraint occurs in a public place does not preclude a jury from concluding
that a defendant had the intent to secrete or hold the victim in a place where
he or she was not likely to be found.  See
Megas v. State, 68 S.W.3d 234, 241 (Tex. App.CHouston [1st Dist.] 2002, pet. ref=d).  Proof that a victim is
isolated from anyone who might be of assistance shows an intent to secrete or
hold the victim in a place where he or she is not likely to be found.  Id.








Here, appellant grabbed
Beatrice on the arm and around the waist. 
Beatrice was scared and cried out to Raymond to help her.  Raymond grabbed Beatrice=s hand and Apulled so he
[appellant] could get off of her.@  Only after a car drove by did
appellant release Beatrice.  A jury could
reasonably infer from this that appellant had guilty intent when he grabbed
Beatrice, but he let her go when he realized that he had been seen and because
he did not want to get caught.  See
Hooper v. State, 214 S.W.3d 9, 16 (Tex. Crim. App. 2007) (explaining that Aan inference is a conclusion reached by considering other facts and
deducing a logical consequence from them@).  The jury was also free to
reject appellant=s statement
that he grabbed Beatrice only because the voices in his head told him to.  Moreover, the facts that appellant points to
as evidencing an absence of intent to secrete or hold Beatrice in a place where
she was not likely to be found also weigh in favor of the opposite conclusion:  appellant grabbed an eight-year-old girl
walking without an adult, who was a stranger to him, and tried to physically
pull her away from the only person available to stop him, her ten-year-old
brother.  The jury could reasonably infer
the requisite intent from the very brazenness and public nature of appellant=s actions toward these two young children.  See id. at 16.








Appellant contends that this
case is similar to McDaniel v. State, No. 02-04-00003-CR, 2005 WL 503713
(Tex. App.CFort Worth
Mar. 3, 2005, no pet.), in which this court held that the evidence was
factually insufficient to support McDaniel=s conviction for aggravated kidnapping because it was insufficient to
show that he intended to hold the complainant in a place where she was not
likely to be found.  Id. at *1,
3.  McDaniel had been playing with an
eight-year-old girl, the complainant B.H., and some other children in the
backyard of a friend of B.H.=s mother.  Id. at
*1.  After B.H.=s mother told B.H. and B.H.=s siblings to wait for her in the car in front of the house, McDaniel
started playing a game of Acat and mouse@ with B.H., Ain which he would approach one side of the car and she would respond
by sliding across the back seat to get away from him.@  Id.  After a few minutes of playing the game,
McDaniel took B.H. out of the car and started carrying her over his shoulder to
the house across the street.  Id.  When McDaniel first took B.H. out of the car,
she thought he was still playing the game, but then she screamed, punched his
back, and resisted going into the house. 
Id.  McDaniel took B.H.
into the house, locked the barred security door behind him (although he left
the front door open), carried B.H. into a bedroom, and dropped her on the
bed.  Id.  B.H. immediately got up and ran out of the
house, and McDaniel did nothing to stop her. 
Id.

In holding that the evidence
was not factually sufficient to show that McDaniel intended to hold or secrete
B.H. in a place where she was not likely to be found, this court noted that
when McDaniel took B.H. into his house, he knew that B.H.=s siblings had seen where he was taking her and that he acknowledged a
neighbor on his way into the house.  Id.
at *3 & n.5.  In addition, B.H.=s screaming and resistance were consistent with the game she had been
playing with McDaniel earlier.  Id.
at *3.








McDaniel is distinguishable from this case. 
Here, appellant was a total stranger to Beatrice.  Both Beatrice and Raymond were surprised and
scared when appellant grabbed Beatrice. 
Moreover, appellant did not let Beatrice go until a car drove by even
while Raymond was trying to free Beatrice from appellant=s hold.  A jury could reasonably
infer that appellant intended to isolate Beatrice from Raymond, the only person
available to offer her assistance.  See
Megas, 68 S.W.3d at 241.  Indeed,
appellant=s brazenly
grabbing Beatrice and trying to pull her away from her brother in full view in
a public place, when considered with the evidence of his consciousness of
guilt, supports the reasonable inference that appellant intended to take
Beatrice away from Raymond and to secrete or hold her in a place where she was
not likely to be found.  See Hooper,
214 S.W.3d at 16.  Accordingly, we hold
that the facts in McDaniel are distinguishable from the facts of this
case.

Based on the foregoing and
the applicable standards of review, we hold that the evidence is legally and
factually sufficient to support appellant=s conviction for attempted aggravated kidnapping.  We overrule appellant=s two points.

Conclusion

Having
overruled both of appellant=s points, we affirm the trial court=s judgment.

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL F:    LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

 

DAUPHINOT,
J. filed a dissenting opinion.

 

PUBLISH

 

DELIVERED:
June 7, 2007











 
 
 
 
 
 
 




 

 

 

 

 

 

                                               COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-364-CR

 

 

TOMMY G. LASTER                                                             APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                   DISSENTING
OPINION

 

                                              ------------








I must respectfully dissent
from the majority=s holding
that the evidence is both legally and factually sufficient to support Appellant=s guilt of attempted aggravated kidnapping.  While I agree with the majority that there is
no evidence of intent to use or threat to use deadly force, I can also find no
evidence of intent to secrete Beatrice or to hold her in a place that she was
not likely to be found.  The evidence of
any aggravating factor is also absent, but, strangely, Appellant does not
challenge the sufficiency of the aggravating factor.

Appellant said nothing to the
children, so we have only his actions and his later written statement by which
to judge his intent.  The evidence shows
that Appellant grabbed Beatrice around the waist.  She was either riding or pushing a bicycle
down the sidewalk with her brother at 10:00 a.m. on a Sunday morning in front
of a church.  There is no evidence that
Appellant tried to remove Beatrice from the sidewalk, no evidence that he tried
to pull her into an alley or behind bushes, no evidence that he had a car
waiting to hide her or spirit her away, and no evidence that he intended to
take her into a building.  

The majority seems to suggest
that Appellant=s intent to
secrete Beatrice or to hold her in a place that she was not likely to be found
need not be proved because Appellant would not have grabbed Beatrice around the
waist for any other reason. 
Respectfully, at least three other possible reasons exist to explain why
Appellant would grab Beatrice:  to fondle
her on the scene, to rape her on the scene, or to steal her bicycle.  The evidence of his intent to do one of these
three acts is equally lacking, and his intent to commit one of these acts is
equally reasonable.








Because there is no evidence
that Appellant>s intent was
to secrete Beatrice or to hold her in a place where she was not likely to be
found, I would hold that the evidence is legally insufficient to support his
conviction for attempted aggravated kidnapping. 
I must therefore respectfully dissent from the majority opinion.

 

 

LEE ANN DAUPHINOT

JUSTICE

 

PUBLISH

 

DELIVERED:
June 7, 2007











[1]Appellant
has not challenged his conviction and sentence for injury to a child.





[2]Appellant
does not challenge the sufficiency of the evidence as to the aggravating
element of the offense, which is whether the actor had the intent to inflict
bodily injury on the person, to violate or abuse the person sexually, or to
terrorize the person or a third person.  Tex. Pen. Code Ann. '
20.04(a)(4), (5) (Vernon 2003).





[3]ADeadly
force@ is
defined as Aforce
that is intended or known by the actor to cause, or in the manner of its use or
intended use is capable of causing, death or serious bodily injury.@  Id. '
9.01(3) (Vernon 2003).





[4]See Tex. Penal Code Ann. '
9.01(3).















 [JH1]

Majority by Justice
Livingston; Dissent by Justice Dauphinot