**Brian Lynn MEGAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–00–00707–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 31, 2002.

---

David Cunningham, Houston, for appellant.

Carmen Castillo Mitchell, Asst. Dist. Atty., Houston, for State.

Panel consists of Chief Justice SCHNEIDER, and Justice TAFT and RADACK.

## OPINION

TIM TAFT, Justice.

A jury found appellant, Brian Lynn Megas, guilty of felony murder and assessed punishment at 14 years in prison. In four points of error, appellant challenges the legal and factual sufficiency of the evidence to support his conviction for felony murder, contending the State did not prove abduction and restraint as required to prove the offense of kidnapping. He also asserts a fatal variance between indictment and proof. Finally, he contends the trial court erred by allowing accomplice testimony of extraneous offenses without sufficient corroboration during the punishment phase of trial. We affirm.

### Facts

Appellant and Pauline Tanner were dating. On July 23, 1999, appellant drove Tanner to a bar in Houston where they met some of appellant's co-workers. Appellant and Tanner became intoxicated and began arguing. Appellant attempted to leave the bar around midnight, but both Tanner and an acquaintance of appellant asked him not to leave. Appellant agreed to have Tanner drive them both to her house, where her brother, Nicholas, was waiting for a ride to appellant's house.

On arriving at Tanner's house, she got out of the car and appellant moved to the driver's side. Appellant and Tanner continued to argue, while Nicholas got into the passenger seat of the car and Tanner got into the back seat. Appellant yelled profanities at Tanner and told Nicholas that, if he did not like it, he could get out of the car. Nicholas got out of the car. Appellant and Tanner left, heading northbound on Highway 59.

At some point, appellant and Tanner pulled over to the left-hand side of the highway. Leolanna Pruitt was a passenger in a vehicle traveling southbound on the highway, and observed appellant punch and kick Tanner to keep her from getting out of the car. Linda Tyler was traveling northbound on the highway and observed Tanner running away from the car toward the barricade while appellant was holding onto her with one hand and punching her with the other. Tyler pulled over to render aid and began honking her horn. Appellant then stopped hitting Tanner, dragged her into the car, and drove off.

A short time later, appellant swerved into the right barricade. Two more witnesses observed appellant strike the barricade twice and flip the car several times until it landed on its roof. Tanner was partially ejected from the car and killed when the car rolled on top of her.

The medical examiner determined that the cause of death was asphyxia, due to compression and dislocation of the neck, and stated the injuries from the accident caused the death. The medical examiner also found bruises on Tanner's arm that were consistent with defensive wounds, and bruises on her legs that were consistent with being kicked repeatedly. Appel-

lant had a blood alcohol concentration of 0.25 grams of alcohol per 100 milliliters of blood.

### Kidnapping

In his first and second points of error, appellant contends the evidence is legally and factually insufficient to sustain appellant's conviction for felony murder because the State did not prove abduction and restraint, as required by the kidnapping statute. *See* TEX. PENAL CODE ANN. §§ 20.01(1)-(2) (Vernon Supp.2002); § 20.03 (Vernon 1994). The standard of review for legal sufficiency is to view the evidence in the light most favorable to the conviction and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex.Crim.App.2000). The standard of review for factual sufficiency is whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak, or so contrary to the overwhelming preponderance of the evidence, as to undermine confidence in the jury's determination of guilt. *King v. State*, 29 S.W.3d 556, 563 (Tex.Crim.App.2000).

To charge felony murder, the State had to prove appellant kidnapped Tanner. A person commits the offense of kidnapping if he intentionally or knowingly abducts another person. TEX. PENAL CODE ANN. § 20.03. To "abduct" is "to restrain a person with the intent to prevent [her] liberation by: (A) secreting or holding [her] in a place where [she] is not likely to be found; or (B) using or threatening to use deadly force." TEX. PENAL CODE ANN. § 20.01(2)(A)-(B). To "restrain" is "to restrict a person's movements without consent, so as to interfere substantially with [her] liberty, by moving [her] from one place to another or by confining [her]."

TEX. PENAL CODE ANN. § 20.01(1). Restraint is "without consent" if it is accomplished by force, intimidation, or deception. TEX. PENAL CODE ANN. § 20.01(1)(A).

### A. Restraint

Appellant contends the evidence is legally and factually insufficient to prove he restrained Tanner because he did not substantially interfere with her liberty. Appellant also contends the eyewitness testimony was not credible.

### 1. Legal Sufficiency

Appellant contends the evidence is not legally sufficient to show he substantially interfered with Tanner's liberty because the movement or confinement was only for a short period of time over a short distance and was incidental to the commission of another substantive criminal offense. *See Hines v. State*, 40 S.W.3d 705, 709 (Tex.App.-Houston [14th Dist.] 2001, pet. granted) (holding that more than temporary confinement or slight movement, part and parcel of commission or attempted commission of another substantive criminal offense, is required under aggravated kidnapping statute).

First, the offense of kidnapping does not require that the defendant restrain the victim for any particular period of time. *Santellan v. State*, 939 S.W.2d 155, 163 (Tex.Crim.App.1997); *Saldana v. State*, 59 S.W.3d 703, 707–08 (Tex.App.-Austin 2001, pet. filed) (holding that assaulting and then dragging victim into truck and momentarily stabbing victim before telling victim to get out, sufficient to prove restraint). Moreover, the offense of kidnapping does not require that the victim be moved any particular distance. *Brimage v. State*, 918 S.W.2d 466, 475 (Tex.Crim.App.1994) (holding that moving victim from room to room while attempting to kill her sufficient to prove restraint); *King v. State*, 961 S.W.2d 691, 693–94

(Tex.App.-Austin 1998, pet. ref'd) (holding that moving victim from doorway of bar to alley sufficient to prove restraint); *Price v. State*, 35 S.W.3d 136, 139–41 (Tex.App.-Waco 2000, no pet.) (holding that shoving victim from one area of hotel room to another sufficient to prove restraint). Second, *Hines* does not apply because in this case the offense of kidnapping was not part and parcel of the commission of intoxication manslaughter. The offense of intoxication manslaughter does not share any elements with kidnapping. *See* Tex. Penal Code Ann. §§ 19.04, 20.03 (Vernon 1994).[1]

■ In defining restraint as requiring substantial interference with the victim's liberty, section § 20.01(1) does not require any quantitative amount of substantial interference. *Brimage*, 918 S.W.2d at 478; *Rogers v. State*, 687 S.W.2d 337, 342 (Tex. Crim.App.1985) ("[I]n short, there is no time limitation: the proper measure is that the interference of liberty must be substantial.").

■ Viewing the evidence in the light most favorable to the conviction, any reasonable jury could have found the elements of restraint and abduction beyond a reasonable doubt. Linda Tyler observed appellant holding onto Tanner with one hand while beating her with the other. Tyler also saw Tanner running away from the car and attempting to jump over the barricade. When Tyler pulled over to render aid and began honking her horn, appellant stopped hitting Tanner, dragged her into the car, and drove away.

Leolanna Pruitt observed appellant hitting Tanner while she sat in the car. Pruitt also saw appellant standing in the doorway of the car kicking Tanner repeatedly and preventing her from leaving the car. A jury could infer from this evidence that Tanner was attempting to escape, and that appellant substantially interfered with her liberty by assaulting her and forcing her back into the car.

### 2. Factual Sufficiency

■ Appellant contends that, in light of the events of the entire evening, the evidence was factually insufficient to show he restrained Tanner. In addition, appellant contends the testimonies of Tyler and Pruitt were inconsistent and not credible. Tyler's testimony described appellant punching and kicking Tanner multiple times. Appellant contends that, because Tyler observed the events for only a few moments at a distance of 200 feet, her testimony is not believable. In addition, appellant contends Pruitt's description of appellant pulling Tanner across the console in the car would be impossible.

■ The weight to accord evidence, however, is within the sole province of the jury, because this determination turns on an evaluation of credibility and demeanor. *Cain v. State*, 958 S.W.2d 404, 408–09 (Tex. Crim.App.1997). It is the jury's duty to resolve conflicting views of the evidence; we may find the evidence factually insufficient only when necessary to prevent manifest injustice. *Id.* at 407.

Pruitt described appellant as hitting and kicking Tanner over a short period of time

---

1. We decline to follow the reasoning in *Hines* inasmuch as it appears that much of the analysis comes from the concurring and dissenting opinion in *Brimage v. State*. *See Hines*, 40 S.W.3d at 713–14 (holding that substantial interference requires more than temporary confinement or slight movement, part and parcel of another substantive criminal offense); *see also Brimage v. State*, 918 S.W.2d 466, 484–91 (Tex.Crim.App.1994) (contending that offense of kidnapping requires substantial movement, confinement or restraint that is not merely incidental to action required to commit another offense) (Miller, J. concurring and dissenting, joined by Baird, J.).

while she was in the car. Tyler, on the other hand, described the events when she pulled over to render aid and observed Tanner attempting to escape. Also, the medical examiner testified that numerous bruises on Tanner's arms and legs were consistent with defensive wounds from being punched and kicked repeatedly. This evidence is factually sufficient to support a finding that appellant restrained Tanner by holding her, striking her, kicking her, and then forcing her into the vehicle, and is not so obviously weak as to undermine the jury's conviction or result in manifest injustice.

## B. Abduction

 Appellant also contends the evidence is legally and factually insufficient to show he abducted Tanner by secreting or holding her in a place where she was not likely to be found. The requirement of secreting the victim or holding her in a place where she is not likely to be found is a part of the mens rea of the offense, not the actus reus. *Brimage*, 918 S.W.2d at 475–76. Thus, once restraint has been proven, the offense of kidnapping is complete when the actor evidences a specific intent to prevent liberation. *Id.*

### 1. Legal Sufficiency

The State charged appellant with abduction by secreting the victim or holding her in a place where she is not likely to be found. Appellant contends the State did not prove he intended to secret the victim or hold her in a place where she was not likely to be found. Appellant also contends there is tension between the "public place" element of intoxication manslaughter and the "secreting" element of kidnapping. These contentions are without merit.

 First, secreting the victim, or holding her in a place where she is not likely to be found, can be established when the defendant forces a victim into a car and moves the victim from one place to another. *Fann v. State*, 696 S.W.2d 575, 576 (Tex.Crim.App.1985) (holding that victims in car driven in shifting path through city streets sufficient evidence of keeping victims isolated from being found or receiving assistance); *Sanders v. State*, 605 S.W.2d 612, 614 (Tex.Crim.App.1980) (holding that driving victim around in car on city streets for an hour sufficient evidence of secreting and holding victim in place not likely to be found). Second, a defendant can be operating a motor vehicle in public while still intending to secret or keep the victim from being found. The defendant need only intend to secret or hold the victim in a place where she is not likely to be found to complete the offense of kidnapping. *Brimage*, 918 S.W.2d at 475–76. Moreover, proof that a victim is kept isolated from anyone who might have been of assistance meets the element of secreting or holding in a place where the victim is not likely to be found. *Fann*, 696 S.W.2d at 576; *Gaffney v. State*, 937 S.W.2d 540, 542 (Tex.App.-Texarkana 1996, pet. ref'd); *Wiley v. State*, 820 S.W.2d 401, 409 (Tex.App.-Beaumont 1991, no pet.).

 The witnesses testified that Tanner was attempting to escape when appellant assaulted her. Linda Tyler's testimony that she attempted to render aid while appellant reacted by forcing Tanner back into the car, supports the finding that appellant intended to secret or hold Tanner in a place where she was not likely to be found. Appellant isolated Tanner from contacting anyone who might have been of assistance. Viewing this evidence in the light most favorable to the verdict, any rational jury could have found beyond a reasonable doubt that appellant abducted Tanner.

### 2. Factual Sufficiency

Appellant also contends the evidence is factually insufficient to prove he abducted Tanner by secreting or holding her in a place where she was not likely to be found because she had been with him voluntarily in the beginning of the evening and the incident took place on a well-traveled urban highway.

Although Tanner initially joined appellant voluntarily in his car, this does not preclude a conviction for the offense of kidnapping. *Boyle v. State*, 820 S.W.2d 122, 138 (Tex.Crim.App.1989) (holding that voluntarily accompanying defendant in truck does not preclude possibility that the defendant kidnapped victim during journey). Likewise, appellant's dating the victim does not preclude the jury from concluding that he abducted her when she wanted to leave. Moreover, that the abduction took place in public does not preclude a jury from concluding appellant intended to secret or hold the victim in place where she was not likely to be found. The evidence is not so obviously weak as to undermine the jury's conviction or result in manifest injustice.

We overrule appellant's first and second points of error.

### Variance Between Indictment and Proof

In his third point of error, appellant contends there is a fatal variance between the indictment and the proof at trial. Specifically, the indictment charged appellant with causing Tanner's death by colliding into a concrete barrier, while the testimony at trial indicates that death was caused by the compression of the car on top of Tanner's body.

■ A fatal variance between indictment and proof will render the evidence insufficient. *Gollihar v. State*, 46 S.W.3d 243, 257 (Tex.Crim.App.2001). A variance is fatal only if it is material and prejudices the defendant's substantial rights. *Id.*

■ The medical examiner testified the injuries that killed Tanner were caused by the car's colliding with the concrete barrier. Officer Leslie Stafford testified that the car collided with the concrete barrier, causing Tanner to be partially ejected out of the car, and that when the car flipped on its roof, it rolled on top of Tanner and crushed her. Stafford also testified that the car would not have flipped over and crushed Tanner if appellant had not hit the concrete barrier with his car.

■ The cause of Tanner's death is directly related to appellant's striking the concrete barrier. The indictment charges the cause of death as colliding with the barrier, and the evidence shows the collision did cause the death of Tanner. The variance is not material. *Gollihar*, 46 S.W.3d at 252. Even if the variance were material, appellant has not shown that it affected his substantial rights. *See id.* at 248 (holding that material variance affects substantial rights if indictment does not allow defendant to prepare adequate defense at trial, or prosecution would subject defendant to risk of being prosecuted later for same crime).

Appellant did not present any evidence that the car's flipping over and crushing Tanner was not caused by his striking the concrete barrier and he does not contend the alleged variance prevented him from preparing a defense. Moreover, appellant has not explained how he can be prosecuted again under the same facts.

We overrule appellant's third point of error.

### Extraneous Offenses

In his fourth point of error, appellant contends the State did not provide suffi-

cient corroboration of extraneous offenses during the punishment stage of trial. The State called Nicholas Tanner to testify that he and appellant smoked marijuana, snorted cocaine, and used LSD together almost every weekend from June 1998 through May 1999. Nicholas also testified appellant supplied the drugs they used. When appellant objected to the admission of this testimony, the State responded that the testimony was not offered to seek a conviction. The trial court overruled the objection and appellant maintained a running objection throughout the testimony.

Extraneous crimes or bad acts can be introduced during sentencing if it is shown beyond a reasonable doubt that the defendant committed them, even if they have not resulted in a conviction. TEX.CODE CRIM. P. ANN. art. 37.07 § 3(a) (Vernon Supp.2002). The State cannot convict a defendant with accomplice testimony alone and must corroborate the accomplice testimony with other evidence tending to connect the defendant with the offense committed. TEX.CODE CRIM. P. ANN. art. 38.14 (Vernon 1994).

The corroboration requirement of article 38.14 does not apply however, when the State offers testimony of an accomplice witness to prove extraneous offenses at the punishment stage of a *capital murder* trial. *Jones v. State*, 982 S.W.2d 386, 395 (Tex.Crim.App.1998). We extended the holding in *Jones* to accomplice-witness testimony offered to prove extraneous offenses during the punishment stage for *non-capital murder* cases as well. *Stevenson v. State*, 997 S.W.2d 766, 770 (Tex. App.-Houston [1st Dist.] 1999, pet. ref'd); *see also Autry v. State*, 27 S.W.3d 177, 181 (Tex.App.-San Antonio 2000, pet. ref'd); *Goodman v. State*, 8 S.W.3d 362, 365 (Tex. App.-Austin 1999, no pet.). Although the Court of Criminal Appeals has not yet held that corroboration is not required for ac-

complice testimony regarding extraneous offenses during the punishment phase of a non-capital trial, it has held that article 38.14 does not require corroboration of accomplice witnesses regarding the use or exhibition of a deadly weapon. *Vasquez v. State*, 56 S.W.3d 46, 48 (Tex.Crim.App. 2001). We continue to hold that an uncorroborated accomplice may testify about extraneous offense, during the punishment phase of a non-capital trial.

The trial court did not err in admitting the testimony of Nicholas Tanner regarding appellant's use and delivery of controlled substances. We overrule appellant's fourth point of error.

### Conclusion

We affirm the judgment of the trial court.