LASTER V. STATE

(comment: 1)

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-364-CR

TOMMY G. LASTER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

OPINION

------------

In two points, appellant Tommy G. Laster challenges the legal and factual sufficiency of his conviction for attempted aggravated kidnapping.  We affirm.

Background Facts

On January 30, 2005, Beatrice T. and her brother Raymond M. were walking home from a gas station near their home when they saw appellant walking towards them on the sidewalk.  He was carrying an umbrella.  Beatrice was eight years old at the time, and Raymond was ten.  When appellant neared the children, they leaned against a fence next to the sidewalk to let him pass.  Instead of passing by the children, however, appellant grabbed Beatrice by the arm and then put his arm around her waist.  Raymond grabbed Beatrice’s hand and tried to pull her away from appellant.  Appellant was pulling her at the same time.  When a car drove by, appellant let go of Beatrice.  The children ran home and told their mother what had happened.

Beatrice’s mother called the police to report what had happened.  Later that day, she saw a man who looked like the man Beatrice had described and called the police.  Beatrice’s mother and her brother, Beatrice’s uncle, followed the man.  Before the police arrived, Beatrice’s uncle confronted the man.  The police arrived shortly thereafter and arrested the man, who Beatrice and Raymond identified as appellant.

Appellant gave the police a statement in which he described grabbing Beatrice:

While [the children] were coming toward me, the voices in my head started telling me that I would be better off dead.  As I got closer to the kids and I was watching them, the voices in my head told me to grab the little girl.  The voices were telling me to “Get her, get her.”  I grabbed her using my right arm around her waist.  I saw her long hair and the side of her face.  I also saw the little boy next to her.  That is when I realized that I needed to let go of her because she was a little girl and I knew how that would look to the cars going by.  I was thinking to myself, ‘Did I actually grab her in broad daylight with all of this traffic[?]  I must be nuts.’  She looked at me.  She looked scared and wide eyed.  I let her go and hurried my pace to get to the store . . . . 

Appellant was charged with attempted aggravated kidnapping and injury to a child.  The jury convicted him on both counts and assessed his punishment at forty years’ confinement on the attempted aggravated kidnapping count and twenty years’ confinement on the injury to a child count.
(footnote: 1)
Standards of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).  
The standard of review is the same for direct and circumstantial evidence cases.  
Burden v. State
, 55 S.W.3d 608, 613 (Tex. Crim. App. 2001); 
Kutzner v. State
, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999).

In a sufficiency review, the jury’s inference of intent is afforded more deference than the evidence supporting proof of conduct.  
Margraves
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Circumstantial evidence of a defendant’s guilty knowledge is not “required to meet the same rigorous criteria for sufficiency as circumstantial proof of other offensive elements.”  
Id
. (quoting 
Brown v. State
, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995)). In determining the legal sufficiency of the evidence to show an appellant’s intent, and faced with a record that supports conflicting inferences, we “must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflict in favor of the prosecution, and must defer to that resolution.”  
Matson v. State
, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party.  
Watson v. State
, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); 
Drichas v. State
, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the fact-finder’s determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the fact-finder’s determination is manifestly unjust.  
Watson
, 204 S.W.3d at 414-15, 417; 
Johnson v. State
, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, though legally sufficient, contradicts the verdict.  
Watson
, 204 S.W.3d at 417.

In determining whether the evidence is factually insufficient to support a conviction that is nevertheless supported by legally sufficient evidence, it is not enough that this court “harbor a subjective level of reasonable doubt to overturn [the] conviction.”
 
 Id
.  We cannot conclude that a conviction is clearly wrong or manifestly unjust simply because we would have decided differently than the jury or because we disagree with the jury’s resolution of a conflict in the evidence.  
Id
.  We may not simply substitute our judgment for the fact-finder’s.  
Johnson
, 23 S.W.3d at 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a different result is appropriate, we must defer to the jury’s determination of the weight to be given contradictory testimonial evidence because resolution of the conflict “often turns on an evaluation of credibility and demeanor, and those jurors were in attendance when the testimony was delivered.” 
Johnson
, 23 S.W.3d at 8.  Thus, we must give due deference to the fact-finder’s determinations, “particularly those determinations concerning the weight and credibility of the evidence.”  
Id
. at 9.

An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

Applicable Law

A person commits the offense of aggravated kidnapping if he intentionally or knowingly abducts another person with the intent to inflict bodily injury on that person, to violate or abuse that person sexually, or to terrorize that person or a third person.
(footnote: 2)  
Tex. Pen. Code Ann
. § 20.04(a)(4), (5) (Vernon 2003).  To “abduct” means to restrain a person with the intent to prevent that person’s liberation by either (1) secreting or holding the person in a place where he or she is not likely to be found, or (2) using or threatening to use deadly force.
(footnote: 3)  
Id
. § 20.01(2) (Vernon Supp. 2006).

The requirement of secreting the victim where she will likely not be found is a part of the mens rea of the offense, not the actus reus.  
Brimage v. State
, 918 S.W.2d 466, 475 (Tex. Crim. App. 1994), 
cert. denied
, 519 U.S. 838 (1996).  Thus, if the actor intended at any time during the restraint to secrete or hold the victim in a place where she would not likely be found, the offense is complete.  
Santellan v. State
, 939 S.W.2d 155, 162 (Tex. Crim. App. 1997); 
Price v. State
, 35 S.W.3d 136, 140 (Tex. App.—Waco 2000, pet. ref’d) (op. on reh’g); 
King v. State
, 961 S.W.2d 691, 694 (Tex. App.—Austin 1998, pet. ref’d).  
Intent is a question of fact to be determined from all of the circumstances.  
Smith v. State
, 965 S.W.2d 509, 518 (Tex. Crim. App. 1998).  Intent may be inferred from the circumstantial evidence surrounding an incident including the acts, words, and conduct of the accused.  
Smith
, 965 S.W.2d at 518; 
Patrick v. State
, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995), 
cert. denied
, 517 U.S. 1106 (1996).

A person is guilty of an attempted offense if “
with specific intent
 to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended.”  
Tex. Pen. Code Ann
. § 15.01(a) (Vernon 2003) (emphasis added).

Analysis

Appellant claims that the evidence is legally and factually insufficient to prove that he had the specific intent to hold or secrete Beatrice in a place where she was not likely to be found or that he used or threatened to use deadly force.

Here, there is no evidence that appellant used or attempted to use deadly force.  Although he was carrying an umbrella in his hand, it had been raining outside that day, and Beatrice and Raymond both testified that appellant just held the umbrella in his hand and did not do anything with it.  Additionally, appellant did not say anything to either Beatrice or Raymond.  Because there is no evidence that appellant used or threatened to use deadly force,
(footnote: 4) we must determine whether there is any evidence that appellant 
intended
 to secrete or hold Beatrice in a place where she was not likely to be found.

Appellant claims that the circumstances of his impulsive decision to grab Beatrice show that he had no such intent:  he was on foot, he had no weapon, he never released his umbrella, he let go of Beatrice “within a matter of seconds” and continued to walk toward the gas station rather than run away, he made no statements or threats, and he was in the presence of an eyewitness, ten-year-old Raymond.  Appellant also points to the fact that he attempted to grab Beatrice in “broad daylight” on a busy street next to a busy gas station and in front of a church at 10:00 a.m. on a Sunday morning.

However, the fact that a restraint occurs in a public place does not preclude a jury from concluding that a defendant had the intent to secrete or hold the victim in a place where he or she was not likely to be found.  
See Megas v. State
, 68 S.W.3d 234, 241 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d).  Proof that a victim is isolated from anyone who might be of assistance shows an intent to secrete or hold the victim in a place where he or she is not likely to be found.  
Id
.

Here, appellant grabbed Beatrice on the arm and around the waist.  Beatrice was scared and cried out to Raymond to help her.  Raymond grabbed Beatrice’s hand and “pulled so he [appellant] could get off of her.”  Only after a car drove by did appellant release Beatrice.  A jury could reasonably infer from this that appellant had guilty intent when he grabbed Beatrice, but he let her go when he realized that he had been seen and because he did not want to get caught.  
See Hooper v. State
, 214 S.W.3d 9, 16 (Tex. Crim. App. 2007) (explaining that “an inference is a conclusion reached by considering other facts and deducing a logical consequence from them”).  The jury was also free to reject appellant’s statement that he grabbed Beatrice only because the voices in his head told him to.  Moreover, the facts that appellant points to as evidencing an absence of intent to secrete or hold Beatrice in a place where she was not likely to be found also weigh in favor of the opposite conclusion:  appellant grabbed an eight-year-old girl walking without an adult, who was a stranger to him, and tried to physically pull her away from the only person available to stop him, her ten-year-old brother.  The jury could reasonably infer the requisite intent from the very brazenness and public nature of appellant’s actions toward these two young children.  
See id
. at 16.

Appellant contends that this case is similar to 
McDaniel v. State
, No. 02-04-00003-CR, 2005 WL 503713 (Tex. App.—Fort Worth Mar. 3, 2005, no pet.), in which this court held that the evidence was factually insufficient to support McDaniel’s conviction for aggravated kidnapping because it was insufficient to show that he intended to hold the complainant in a place where she was not likely to be found.  
Id
. at *1, 3.  McDaniel had been playing with an eight-year-old girl, the complainant B.H., and some other children in the backyard of a friend of B.H.’s mother.  
Id
. at *1.  After B.H.’s mother told B.H. and B.H.’s siblings to wait for her in the car in front of the house, McDaniel started playing a game of “cat and mouse” with B.H., “in which he would approach one side of the car and she would respond by sliding across the back seat to get away from him.”  
Id
.  After a few minutes of playing the game, McDaniel took B.H. out of the car and started carrying her over his shoulder to the house across the street.  
Id
.  When McDaniel first took B.H. out of the car, she thought he was still playing the game, but then she screamed, punched his back, and resisted going into the house.  
Id
.  McDaniel took B.H. into the house, locked the barred security door behind him (although he left the front door open), carried B.H. into a bedroom, and dropped her on the bed.  
Id
.  B.H. immediately got up and ran out of the house, and McDaniel did nothing to stop her.  
Id
.

In holding that the evidence was not factually sufficient to show that McDaniel intended to hold or secrete B.H. in a place where she was not likely to be found, this court noted that when McDaniel took B.H. into his house, he knew that B.H.’s siblings had seen where he was taking her and that he acknowledged a neighbor on his way into the house.  
Id
. at *3 & n.5.  In addition, B.H.’s screaming and resistance were consistent with the game she had been playing with McDaniel earlier.  
Id
. at *3.

McDaniel
 is distinguishable from this case.  Here, appellant was a total stranger to Beatrice.  Both Beatrice and Raymond were surprised and scared when appellant grabbed Beatrice.  Moreover, appellant did not let Beatrice go until a car drove by even while Raymond was trying to free Beatrice from appellant’s hold.  A jury could reasonably infer that appellant intended to isolate Beatrice from Raymond, the only person available to offer her assistance.  
See Megas
, 68 S.W.3d at 241.  Indeed, appellant’s brazenly grabbing Beatrice and trying to pull her away from her brother in full view in a public place, when considered with the evidence of his consciousness of guilt, supports the reasonable inference that appellant intended to take Beatrice away from Raymond and to secrete or hold her in a place where she was not likely to be found.  
See Hooper
, 214 S.W.3d at 16.  Accordingly, we hold that the facts in 
McDaniel
 are distinguishable from the facts of this case.

Based on the foregoing and the applicable standards of review, we hold that the evidence is legally and factually sufficient to support appellant’s conviction for attempted aggravated kidnapping.  We overrule appellant’s two points.

Conclusion

Having overruled both of appellant’s points, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL F: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DAUPHINOT, J. filed a dissenting opinion.

PUBLISH

DELIVERED: June 7, 2007

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-364-CR

TOMMY G. LASTER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

DISSENTING OPINION

------------

I must respectfully dissent from the majority’s holding that the evidence is both legally and factually sufficient to support Appellant’s guilt of attempted aggravated kidnapping.  While I agree with the majority that there is no evidence of intent to use or threat to use deadly force, I can also find no evidence of intent to secrete Beatrice or to hold her in a place that she was not likely to be found.  The evidence of any aggravating factor is also absent, but, strangely, Appellant does not challenge the sufficiency of the aggravating factor.

Appellant said nothing to the children, so we have only his actions and his later written statement by which to judge his intent.  The evidence shows that Appellant grabbed Beatrice around the waist.  She was either riding or pushing a bicycle down the sidewalk with her brother at 10:00 a.m. on a Sunday morning in front of a church.  There is no evidence that Appellant tried to remove Beatrice from the sidewalk, no evidence that he tried to pull her into an alley or behind bushes, no evidence that he had a car waiting to hide her or spirit her away, and no evidence that he intended to take her into a building.  

The majority seems to suggest that Appellant’s intent to secrete Beatrice or to hold her in a place that she was not likely to be found need not be proved because Appellant would not have grabbed Beatrice around the waist for any other reason.  Respectfully, at least three other possible reasons exist to explain why Appellant would grab Beatrice:  to fondle her on the scene, to rape her on the scene, or to steal her bicycle.  The evidence of his intent to do one of these three acts is equally lacking, and his intent to commit one of these acts is equally reasonable.

Because there is no evidence that Appellant‘s intent was to secrete Beatrice or to hold her in a place where she was not likely to be found, I would hold that the evidence is legally insufficient to support his conviction for attempted aggravated kidnapping.  I must therefore respectfully dissent from the majority opinion.

LEE ANN DAUPHINOT

JUSTICE

PUBLISH

DELIVERED: June 7, 2007

FOOTNOTES
1:
Appellant has not challenged his conviction and sentence for injury to a child.

2:
Appellant does not challenge the sufficiency of the evidence as to the aggravating element of the offense, which is whether the actor 
had the intent to inflict bodily injury on the person, to violate or abuse the person sexually, or to terrorize the person or a third person
.  
Tex. Pen. Code Ann
. § 20.04(a)(4), (5) (Vernon 2003)
.

3:
“Deadly force” is defined as “force that is intended or known by the actor to cause, or in the manner of its use or intended use is capable of causing, death or serious bodily injury.”  
Id
. § 9.01(3) (Vernon 2003).

4:
See
 
Tex. Penal Code Ann
. § 9.01(3).

COMMENTS AND ANNOTATIONS
Comment 1:
Majority by Justice Livingston; Dissent by Justice Dauphinot