

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-18-00092-CR

Michael Lewis **ARCE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 17-2118-CR-C
Honorable William Old, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:       Sandee Bryan Marion, Chief Justice
               Luz Elena D. Chapa, Justice
               Beth Watkins, Justice

Delivered and Filed: May 29, 2019

AFFIRMED

Michael Lewis Arce appeals his conviction for capital murder. He argues there is insufficient evidence to support the verdict he committed capital murder, as charged in the indictment, by committing murder while committing or attempting to commit the offense of kidnapping. He does not challenge the sufficiency of the evidence to show he committed murder, only the underlying offense of kidnapping or attempted kidnapping. Because we hold there is sufficient evidence of kidnapping or attempted kidnapping, we affirm the trial court's judgment.

BACKGROUND

Arce was indicted for intentionally causing the death of Vivian Cases in the course of kidnapping or attempting to kidnap her. Arce pled not guilty, and the case proceeded to a jury trial. Several witnesses testified, and numerous exhibits were admitted into evidence. The parties direct us to the evidence relevant to the underlying offense of kidnapping or attempted kidnapping leading up to the time Vivian's body was found.

The evidence shows that on March 30, 2015, Arce was at his grandparents' house, arguing with Vivian, his girlfriend, as well as with his grandparents. The witnesses who were present were Arce's grandfather Louis and his aunt Rosalinda. Arce's grandmother was also present that day, but she did not testify at trial. Louis testified Arce had Vivian in a headlock and she said, "He's choking me. You're choking me." Louis demonstrated for the jury how Arce had Vivian in a headlock, but there is no recorded description of the demonstration in the record. Louis testified he told Arce to stop "choking her like that" and asked them to leave.

Rosalinda testified Arce "like, kind of had her, like, kind of in a chokehold, just, like, basically holding her this way, walking her out the [sic] -- the fence where my dad has his van parked at. He's walking behind her with his hand around her neck like this." The record also contains no recorded description of Rosalinda's in-court demonstration. Rosalinda testified she told Arce to let Vivian go. Arce's grandmother told Rosalinda to call the police, and she did. A recording of the 911 call was admitted into evidence and, on the call, Rosalinda stated Arce was "dragging" Vivian down the street. Rosalinda explained Vivian was scared and frightened, and she had called out for help before she and Arce went out of sight. The evidence showed Arce later told a UPS driver he had killed Vivian.

A month later, Vivian's body was found buried in a wooded area near Arce's grandparents' house. Vivian's hands were tied behind her back, and a plastic bag was found in her mouth. The

medical examiner determined the cause of her death was blunt force trauma to the head. Arce told a detective he had hit Vivian with a rock while he and Vivian were having sex. According to Arce's statements to the police, Vivian had asked him to tie her up, and gag and hit her while they were having sex. The jury found Arce guilty of capital murder, as charged in the indictment. Arce was sentenced to life in prison.

## SUFFICIENCY OF THE EVIDENCE

In his sole issue on appeal, Arce challenges the sufficiency of the evidence to support his conviction for capital murder, specifically challenging the underlying offense of kidnapping or attempted kidnapping. In reviewing the legal sufficiency of the evidence, we must determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). We view all the evidence in the light most favorable to the verdict. *Id.* We must defer to the jury's responsibility to fairly resolve conflicts in testimony, weigh the evidence, and draw reasonable inferences. *Id.* "To conduct a legal sufficiency review, we examine the statutory requirements necessary to uphold the conviction or finding." *Prichard v. State*, 533 S.W.3d 315, 319 (Tex. Crim. App. 2017).

The statutorily required elements of kidnapping or attempted kidnapping are contained in section 20.03 of the Texas Penal Code. Under section 20.03, "A person commits an offense if he intentionally or knowingly abducts another person." TEX. PENAL CODE § 20.03(a). As used in section 20.03(a), "'Abduct' means to restrain a person with intent to prevent his liberation by: (A) secreting or holding him in a place where he is not likely to be found; or (B) using or threatening to use deadly force." *Id.* § 20.01(2). "Restrain" as used in the definition of "abduct" includes "restrict[ing] a person's movements without consent, so as to interfere substantially with the person's liberty, by moving the person from one place to another or by confining the person." *Id.*

§ 20.01(1). "Restraint" may be "'without consent' if it is accomplished by . . . force, intimidation, or deception." *Id.* § 20.01(1)(A).

Arce contends that while there is evidence showing he assaulted Vivian because he had her "in some kind of chokehold" or "had his arms around Vivian as they walked down the street away from the house . . . there is insufficient evidence to show that there was an abduction," and "there would at most be only a restraint." He also argues the evidence showing the state in which Vivian's body was found with a bag in her mouth and her hands tied behind her back, at most, permitted the jury to speculate as to when (either before or after her death) she was so restrained. Arce does not challenge any element of murder or kidnapping other than the kidnapping element of "intent" to prevent Vivian's "liberation by: (A) secreting or holding [her] in a place where [s]he [wa]s not likely to be found; or (B) using or threatening to use deadly force." *See id.* § 20.01(2).

We emphasize the word "intent" in the definition of abduction because "[s]ecreting or holding another where . . . she is unlikely to be found is part of the *mens rea* requirement of the offense—not the *actus reus*. This is an important distinction because the State is not required to prove that the defendant actually secreted or held another." *Laster v. State*, 275 S.W.3d 512, 521 (Tex. Crim. App. 2009) (footnote omitted). "Instead the State must prove that the defendant restrained another with the specific intent to prevent liberation by secreting or holding the person. The offense of kidnapping is legally completed when the defendant, at any time during the restraint, forms the intent to prevent liberation by secreting or holding another in a place unlikely to be found." *Id.*

Intent may be proven by circumstantial evidence, and a defendant's conduct generally is reliable circumstantial evidence of intent. *See id.* at 519–21, 524; *see Kenny v. State*, 292 S.W.3d 89, 95 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd) ("Intent can be inferred from an accused's conduct, remarks, and the surrounding circumstances."). A defendant's conduct of

forcibly isolating a person from others who attempted to render aid or who might have been of assistance is relevant evidence of intent. *See Megas v. State*, 68 S.W.3d 234, 240 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). Furthermore, under section 20.01, choking someone can constitute the use or threat of deadly force. *Kenny*, 292 S.W.3d at 99 (holding that defendant's conduct of placing rope around complainant's neck temporarily was threat of deadly force) (citing *Duvall v. State*, 59 S.W.3d 773, 778 (Tex. App.—Austin 2001, pet. ref'd)).

Here, the evidence shows Arce and Vivian were arguing and Arce then choked Vivian by placing her into a chokehold. Two witnesses demonstrated the choking or chokehold for the jury. *See Rogers v. State*, 756 S.W.2d 332, 336–37 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd) (holding in-court demonstrations may support the jury's verdict) (citing *Lewis v. State*, 486 S.W.2d 104, 106 (Tex. Crim. App. 1972)). There is also evidence that Arce forcibly dragged Vivian away from Rosalinda and out of her sight, when she was attempting to help Vivian by telling Arce to stop and by calling the police. We hold a rational jury could have found Arce had formed the intent to prevent Vivian's liberation by either secreting or holding her in a place where she was not likely to be found, or using or threatening to use deadly force. *See* TEX. PENAL CODE ANN. §§ 21.01, 20.03(a); *Laster*, 275 S.W.3d at 521; *Kenny*, 292 S.W.3d at 99; *Megas*, 68 S.W.3d at 240.

## CONCLUSION

Because we conclude sufficient evidence supports Arce's conviction for capital murder, we affirm the trial court's judgment.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH